Opinión disidente emitida por el
Juez Presidente Señor Hernández Denton,
a la cual se une la Juez Asociada Señora Rodríguez Rodríguez.
Por tercera vez, una mayoría de este Tribunal insiste en una interpretación que deja en los bolsillos de un exalcalde los beneficios de un aumento salarial ilegal, en detrimento del buen manejo de los fondos públicos. Nuevamente, por entender que la inexistencia del reglamento exigido por el Art. 3.012 de la Ley de Municipios Autónomos, Ley Núm. 81 de 30 de agosto de 1991 (21 L.P.R.A. see. 4112), impedía la aprobación del aumento de sueldo en controversia y que toda interpretación ulterior hecha por el Tribunal sobre la doctrina de error de derecho era innecesaria, nos vemos obligados a disentir.
*278 I
El 29 de abril de 1997, la Legislatura Municipal de Rin-cón aprobó la Resolución Núm. 20, Serie 1996-97, para au-mentar el salario del entonces Alcalde, Hon. Liborio R. Caro Muñiz, por $1,600 mensuales. Al momento de apro-bar este aumento, el municipio de Rincón no contaba con un reglamento que regulara dicho proceso.
Posteriormente, la Oficina del Contralor emitió el In-forme de Auditoría Núm. M-01-10 sobre las operaciones fiscales de dicho municipio. Concluyó que la Legislatura Municipal de Rincón aprobó el referido aumento de salario sin observar las exigencias del Art. 3.012 de la Ley de Mu-nicipios Autónomos, supra. En particular, encontró que la Legislatura Municipal otorgó el aumento sin tener un re-glamento para regir el procedimiento de evaluación, deter-minación y adjudicación de sueldo. Asimismo, determinó que la Legislatura Municipal tampoco consideró los esta-dos financieros del municipio, que para la fecha de apro-barse el aumento reflejaban un atraso de dos años en su preparación y un déficit presupuestario en los fondos operacionales. Además, la Legislatura Municipal no evi-denció haber considerado los siete requisitos que dispone el referido artículo para aprobar aumentos salariales a los alcaldes. Ni siquiera solicitó la información relacionada con dichos criterios.
Consecuentemente, el Estado Libre Asociado de Puerto Rico (E.L.A.) presentó una demanda contra el señor Caro Muñiz, su esposa, la Sra. Sonia Rita Caro Caro y la Socie-dad Legal de Gananciales habida entre ellos. Solicitó que se decretara nula, ilegal y contraria a derecho la concesión del aumento de sueldo en controversia. Por consiguiente, peticionó que se declarara que el referido aumento consti-tuyó un pago indebido e ilegal de fondos públicos y se or-denara la devolución de la cantidad cobrada: $86,291.80. *279 Asimismo, solicitó que se impusiera a los demandados el pago de intereses, gastos, costas y honorarios de abogado.
El Tribunal de Primera Instancia declaró “con lugar” la demanda. Inconformes, los demandados acudieron ante el Tribunal de Apelaciones, el cual confirmó al foro primario. Todavía insatisfechos, los demandados acudieron ante nos.
Una mayoría de este Tribunal revoca a los foros inferio-res y concluye que, aunque el aumento del señor Caro Mu-ñiz fue ilegal, no procede la devolución del dinero que recibió. No estamos de acuerdo.
II
El Art. 3.012 de la Ley de Municipios Autónomos, supra, dispone lo siguiente:

La Legislatura Municipal aprobará, con el voto de dos terce-ras partes de los miembros del cuerpo, el reglamento que regirá los procedimientos de evaluación, determinación, y adjudica-ción, del sueldo del Alcalde.

Al considerar aumentos de salarios para el alcalde, la Legis-latura tomará en consideración, entre otros, que dicho cuerpo encuentre necesarios, los siguientes criterios:
1. El presupuesto del municipio y la situación fiscal de los ingresos y gastos reflejados en los informes de auditoría o “single audit”.
2. La población y el aumento en los servicios a la comunidad.
3. El cumplimiento con los controles fiscales y administra-tivos establecidos por O.C.A.M., la Oficina del Contralor y el gobierno federal.
4. La complejidad de las funciones y responsabilidades del Primer Ejecutivo.
5. El costo de vida, información que deberá suplir la Junta de Planificación a solicitud de la Legislatura Municipal.
6. La habilidad de atraer capital y desarrollo económico al respectivo municipio.
7. Tomar en cuenta los sueldos devengados por los miem-bros de la Asamblea Legislativa y los Secretarios del Gabinete Constitucional. (Énfasis suplido). íd.
Como puede apreciarse, el Art. 3.012 antes citado im- *280 pone dos requisitos a la legislatura municipal para poder aprobar cualquier aumento de salario a un alcalde: (1) aprobar un reglamento que regule dicho proceso y (2) tomar en consideración, como mínimo, los siete criterios enume-rados, al momento de aprobar el aumento. Por consi-guiente, cualquier aumento salarial contrario a la obliga-ción expresa que este artículo impone a la legislatura municipal es ilegal, por provenir de una actuación ultra vires.
Como hemos señalado anteriormente, este artículo se incluyó en la Ley de Municipios Autónomos, mediante la aprobación de la Ley Núm. 36 de 13 de abril de 1995, Leyes de Puerto Rico, pág. 194. Al respecto, el Informe de la Co-misión de Asuntos Municipales del 26 de agosto de 1993 sobre el Informe Sustitutivo del P. de la C. 627, 12ma Asamblea Legislativa, 2da Sesión Ordinaria, que luego se convirtió en la Ley Núm. 36 de 1995, expresó que el texto propuesto sobre el Art. 3.012 buscaba que la legislatura municipal tuviera unas guías para establecer un salario justo de acuerdo a las circunstancias económicas de los municipios y las capacidades del alcalde. Id., págs. 7-9. En particular, expresó:
La disparidad en los sueldos de los Alcaldes responde a la falta de guías y criterios uniformes que puedan aplicarse por la Asamblea Municipal para determinar el aumento de salario del Primer Ejecutivo. La importancia de las disposiciones que se introducen en la medida sustitutiva permiten que la Asam-blea Municipal evalúe la capacidad fiscal del municipio para compensar adecuadamente al Alcalde tomando en considera-ción el presupuesto, la población, la complejidad de las funcio-nes, las responsabilidades del Primer Ejecutivo y el costo de vida. Este último, es un dato indispensable que deberá suplir la Junta de Planificación a las Asambleas. (Énfasis suplido), íd., pág. 9.
*281 III
En este caso, la Resolución que dio lugar al aumento en cuestión se aprobó sin que existiera un reglamento para regir el procedimiento de evaluación, determinación y ad-judicación de sueldo. Asimismo, la Legislatura Municipal no presentó evidencia de que consideró los siete requisitos que dispone el referido artículo para aprobar aumentos sa-lariales a los alcaldes. Incluso, la Oficina del Contralor en-contró que la Legislatura Municipal tampoco consideró los estados financieros del municipio, que para la fecha de aprobarse el aumento reflejaban un atraso de dos años en su preparación y un déficit presupuestario en fondos operacionales. Ante este cuadro fáctico, una mayoría de este Tribunal resuelve que el aumento salarial concedido al señor Caro Muñiz fue ilegal e irrazonable.
Sin embargo, tal y como ocurrió en E.L.A. v. Crespo Torres, 180 D.RR. 776 (2011), y en E.L.A. v. S.L.G. Negrón-Rodríguez, 184 D.P.R. 464 (2012) (Sentencia), una mayoría de este Tribunal resuelve que la doctrina de error de dere-cho vigente al momento de aprobarse el aumento de salario en cuestión no conllevaba la restitución del dinero cobrado indebidamente. De esta manera, una mayoría de este Tribunal impide la devolución de los pagos ilegales.
Nos vemos obligados a disentir, por las mismas razones expresadas en E.L.A. v. Crespo Torres, supra, y reiteradas en E.L.A. v. S.L.G. Negrón-Rodríguez, supra. Como expu-simos anteriormente, existe una disposición clara y precisa sobre el procedimiento que el municipio de Rincón debió seguir para aumentar el salario del entonces alcalde. En específico, el citado Art. 3.012 de la Ley de Municipios Autónomos, supra, exige, entre otras cosas, la existencia de un reglamento que rija el procedimiento de evaluación, determinación y adjudicación de sueldo de un alcalde. La Legislatura Municipal de Rincón aprobó el aumento de *282 sueldo al señor Caro Muñiz sin contar con un reglamento para ello. Por ende, entendemos que este Alto Foro debió resolver, sin más, que el aumento salarial concedido al se-ñor Caro Muñiz era inválido y que procedía la restitución de los fondos públicos cobrados ilegalmente. Así pues, al igual que en E.L.A. v. Crespo Torres, supra, la doctrina de error de derecho no aplica al caso de autos.
En E.L.A. v. Crespo Torres, supra, págs. 800-805, expre-samos nuestra preocupación sobre la ambigüedad de la norma pautada por la posición mayoritaria, debido a que actualmente existen múltiples casos sobre esta controver-sia ante los tribunales del país. En específico, nos pregun-tamos: “¿Podrán alegar con éxito esos otros alcaldes que también fueron víctimas de una confusión genuina o un error de Derecho?”. íd., pág. 804. El exalcalde de Villalba, Hon. Bernardo Negrón Montalvo, ya lo logró, por lo que no tuvo que restituir al erario $53,200 que recibió ilegalmente. E.L.A. v. S.L.G. Negrón-Rodríguez, supra. También lo logró el señor Caro Muñiz quien no tuvo que devolver los $86,291.80 que disfrutó mediante su aumento de sueldo aprobado ilegalmente. Nos preguntamos una vez más: ¿Cuántos otros pagos realizados en abierta violación de la ley no tendrán que ser restituidos al amparo de la protección del análisis jurídico de este Tribunal? En efecto, el mensaje que en última instancia comunica este Tribunal es que este tipo de acto claramente ilegal y de corrupción de las maltrechas arcas municipales, quedará impune. Por tercera vez, una mayoría de este Tribunal permite que un exalcalde disfrute del dinero recibido mediante un au-mento de sueldo claramente ilegal, por haber sido apro-bado por una legislatura municipal que ignoró las exigen-cias de la ley, que no consideró que los estados financieros del municipio reflejaban un déficit presupuestario y sin si-quiera solicitar información sobre los siete factores que la ley exige considerar para aumentar el salario a los alcaldes.